UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Larry Loving,

Petitioner,

vs. REPORT AND RECOMMENDATION

Lou Stender,

Respondent. Civ. No. 99-287 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of February, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon an initial screening of the Petitioner's Complaint, pursuant to Title 28 U.S.C. §1915A, and of his Application to Proceed in forma pauperis. The Petitioner appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For reasons which follow, we recommend that his Petition be dismissed, and that his Application to Proceed in forma pauperis be denied, as moot.

FILED FEB 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## II. Factual and Procedural Background

The Petitioner informs us that he is a State prisoner, who was convicted on April 24, 1998, for third-degree criminal sexual conduct. He is currently serving a 88-month sentence at the Minnesota Correctional Facility, in Moose Lake, Minnesota ("MCF-Moose Lake"). The Petitioner directly appealed his conviction, arguing that the Trial Court erred by: (1) excluding certain witness testimony; (2) allowing the Jury to separate during deliberations; (3) denying his right to a speedy Trial; (4) denying his right to an impartial Jury; and (5) prohibiting the introduction of certain impeachment evidence. On appeal, the Petitioner's conviction was affirmed on September 14, 1999. See, State v. Loving, No. C0-98-1567, 1999 WL 486565 (Minn. App., July 13, 1999), rev. denied (Minn., Sept. 14, 1999).

In his current Petition, the Petitioner asserts that he suffered from prosecutorial misconduct when, during his Trial, the prosecuting attorney stated that several prosecution witnesses had no reason to give false testimony. See, Petition at 5. The Petitioner also claims that his State Court conviction was invalid because his right to a fair Trial was violated through exclusion of certain evidence, and testimony, and because the Trial Court erred in allowing the Jury to separate during deliberations. Id. at 5-6. Liberally construing these averments in the Petitioner's favor, it

is clear that the Petitioner never presented his prosecutorial misconduct claim to the Minnesota Court of Appeals. See, Haines v. Kerner, 404 U.S. 519 (1972)(a pro se Complaint, "however artfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."); W. J. Estelle, v. J.W. Gamble, 429 U.S. 97 (1976); see also, Atkinson v. Bohn, 91 F.3d 1127 (8th Cir. 1996).

III. Discussion

In response to the proliferation of prisoner complaints, Congress enacted the Prisoner Litigation Reform Act ("PLRA"), which has "the principal purpose of deterring frivolous prisoner litigation * * *." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997), citing H.R. Conf. Rep. No. 104-378, at 166-67 (1995). In promulgating the PLRA, Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997), cert. denied, 522 U.S. 874 (1997).

In this case, the Petitioner confronts a substantive obstacle to being allowed to file his claim in this Court. An initial screening of the Petitioner's Complaint, pursuant to Title 28 U.S.C. §1915A, reveals that it contains both exhausted, and un-

exhausted claims, thereby subjecting his claim to summary dismissal. We turn to an elaboration of the noted deficiency.

A. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus if the Petitioner has not first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d

1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine whether a particular exercise of police power comports with the Constitution. See, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b) (1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo,

supra at 1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990).

Similarly, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without

prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[1] Id.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, which presents, for the first time, issues not ruled upon the State Courts of Minnesota. Id. As is evident from the Minnesota Court of Appeals' discussion of the claims, that the Petitioner there previously presented, his claim of prosecutorial misconduct was never raised for review in his State Court review. Instead, the Petitioner asserted these grounds, for the first time, in his current Petition for a Writ of Habeas Corpus. In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the factual and legal substance of his newly formulated claim. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971).

As we have noted, it is axiomatic that a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon

[1]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

the claims that are presented in his Federal Petition. See, Picard v. Conner, supra at 275; Duncan v. Henry, supra at 888; Joubert v. Hopkins, supra at 875-76. Resort to Federal Habeas relief is not in lieu of a State Court appeal. Brown v. Allen, 344 U.S. 443, 485 (1953); Ashker v. Leapley, supra at 1179. The exhaustion requirement of the Federal Habeas Statute is based upon the principle that, "as a matter of comity, Federal courts should not consider a claim in a Habeas Corpus petition until after State Courts have had an opportunity to act." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1995), quoting Rose v. Lundy, supra.

Here, the Petitioner has not submitted evidence that his Federal claim -- involving an asserted instance of prosecutorial misconduct -- was first presented to the Minnesota State Courts. Further, the Petitioner has failed to argue, or to otherwise demonstrate, that a resort to State remedies would have been futile. Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition because of his failure to exhaust, his Petition should be summarily dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMEND:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed, without prejudice.

2. That the Petitioner's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 3, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 3, 2000,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.